# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 97-50708

_____

UNITED STATES,

Plaintiff-Appellee,

versus

JAIME CASTILLO; BRAD EUGENE BRANCH; RENOS LENNY AVRAAM; GRAEME LEONARD CRADDOCK; KEVIN A. WHITECLIFF,

Defendants-Appellants.

Appeals from the United States District Court
For the Western District of Texas

July 28, 2000
ON REMAND FROM THE UNITED STATES SUPREME
REMAND FROM THE UNITED STATES SUPREME COURT

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

On remand from the Supreme Court, we REMAND this case to the district court for further proceedings consistent with the Court's opinion in *Castillo v. United States*, 530 U.S. __, 120 S. Ct. 2090, __ L. Ed. 2d __ (2000).

DeMOSS, Circuit Judge, dissenting:

The premise upon which the government framed count 3 of the indictment in this case was that the type of firearm used in a § 924(c)(1) charge was a sentencing factor and not an element of the offense. The premise upon which the district judge tried this case and submitted it to the jury was also that the type of firearm used in a § 924(c)(1) count was a sentencing factor to be determined by the trial judge (not the jury) on the basis of a preponderance of the evidence (and not beyond a reasonable doubt). The premise upon which the prior panel of this Court affirmed the convictions and sentence (subject to a redetermination that the "use" involved satisfied the "active employment" test of *Bailey v. United States*, 116 S. Ct. 501 (1996)) was also that the type of firearm involved was a sentencing factor and not an element of the offense. The premise upon which this panel applied the law of the case doctrine to affirm the prior decision by the first panel was that no decision of a higher authority had occurred which would change the decision of the prior panel, and accordingly, we declined to reconsider the premise that the type of firearm used or carried is a sentencing enhancement and not an element of the offense.

On direct appeal from the decision of this panel the Supreme Court held:

> For the reasons stated, we believe that Congress intended the firearm type-related words it used in § 924(c)(1) to refer to an element of a separate, aggravated crime. Accordingly, we reverse the contrary determination of the Court of Appeals and remand the case for proceedings consistent with this opinion.

*Castillo v. United States*, 120 S. Ct. 2090, 2096 (2000).

So the Supreme Court holding produced a change of "tectonic plate shift proportions" in the premises upon which this case had been handled previously, and the law of the case doctrine no longer precludes us from addressing and applying this new premise. I am disappointed that my colleagues declined to do that. At the very minimum, the appellants are entitled to a decision by this Court that vacates the sentences assessed against them because the use of "machine guns" was not specifically pled in count 3, and the jury, therefore, could not possibly have determined that this element of the offense had been proven beyond a reasonable doubt. Additionally, I think that this Court should address the validity of appellants' present convictions under count 3 for violation of § 924(c)(1). For the same reasons that the sentences cannot be supported, the text of count 3 of the indictment as it now exists cannot support a conviction for use and carrying of a machine gun. If the government wants to get a conviction for use and carrying of a machine gun it must re-indict appellants and specifically allege the aggravating element resulting from the type of weapon used.

This Court should also address the issue of whether the text of the existing count 3, using the generic term "firearm," could be used to support a conviction for the appellants using a non-aggravating weapon. In my view, that would depend on whether any evidence in the record supports a finding of use of a non-aggravating weapon and a determination of whether the Supreme Court holding that the type of weapon is an element of the offense applies only to firearms that would produce an aggravated sentence or applies to all firearms regardless of their impact on sentencing. Both of these questions would justify a call by our panel for additional briefing from the parties, and determination of these matters at the appellate level can be done more quickly and efficiently than remanding this case to the district court. I can see no rational reason why the Supreme Court in its decision would intend to bifurcate § 924(c)(1) into separate offenses in some of which the type of firearm used would be an element of the offense and in some of which the type of firearm used would

not be an element of the offense. Particularly in situations such as are present in this case where there are multiple defendants and multiple different types of firearms, the need for specificity in the count of the indictment as to the particular type of firearms involved would be at its highest in order to avoid ambiguity and confusion. In this regard, I note that the government specifically alleged in counts 5 and 6 of this same indictment against other defendants the particular type of non-aggravating firearms which the defendants in those counts were alleged to have used.

Finally, in explaining the rationale for its decision, the Supreme Court states that treating the type of firearm as an element of the offense would "rarely complicate a trial or risk unfairness *id.* at 2094," and that "[a]s a practical matter, in determining whether a defendant used or carried a 'firearm,' the jury ordinarily will be asked to assess the particular weapon at issue as well as the circumstances under which it was allegedly used," *id.* at 2094-95. Likewise, the Supreme Court pointed out that a jury may well have to decide which of several weapons the defendant actively used rather than passively possessed as required by *Bailey*. Requiring a specific jury finding regarding the type of weapon that defendant used will avoid conflict between the jury's determination as to the type of weapon used and a later sentencing-related determination by the trial judge. See *id.* at 2095. For these reasons, it makes great sense to me to read the Supreme Court decision as contemplating: (1) specific identification of the type of gun used in each count of an indictment charging a § 924(c)(1) offense; and (2) a jury finding on proof beyond a reasonable doubt as to the use of that particular weapon or weapons by the defendants charged under that count.

Accordingly, I would vacate the conviction and sentence of the appellants as to count 3 of the indictment and call for further briefing by the parties as to whether there is a factual and legal basis for upholding the conviction as to any other "firearms" different from those found by the district judge as the basis for the thirty-year sentences which must now be vacated.